## C. E. CARTER v. STATE.

No. A-741.   Opinion Filed October 14, 1911.

(118 Pac. 264.)

1. **EMBEZZLEMENT—Instruction — Circumstantial Evidence.** For approved instructions upon the charge of embezzlement, where the state relied upon circumstantial evidence, and where testimony of other similar offenses was admitted, see opinion.

2. **TRIAL—Instructions—Weight of Evidence.** It would be error to instruct a jury that, where a defendant has not seen fit to offer any testimony of witnesses other than his own, the jury should not consider this as a circumstance against him.

3. **SAME—Invited Error.** Where a defendant fails to take the witness stand in his own behalf, this fact should not be mentioned in any manner at the trial; but, when counsel for a defendant request an incorrect instruction, the defendant cannot complain if the trial court gives a correct instruction upon this subject.

4. **EMBEZZLEMENT—Instructions—Definition of Term.** When a defendant, charged with embezzlement is proven to have received cash, as legal tender, and this fact is not disputed, it is not necessary for the court, in its instructions to the jury, to define the legal meaning of the word "money."

5. **APPEAL AND ERROR—Estoppel to Allege Error.** Where irregularities occur during a trial which are brought about by the action of counsel for defendant, such irregularities will not ordinarily constitute grounds for a reversal upon appeal.

6. **SAME—Disposition of Cause.** Where the evidence in a case is clear as to the guilt of an appellant, and there is no reason to believe that upon a second trial an intelligent and honest jury could arrive at any other verdict than that of the guilt of the accused, the judgment of the lower court will not be set aside for anything less than fundamental errors. Dusty legal cobwebs should never be permitted to obscure the truth, or interfere with the enforcement of justice.

7.    **SAME—Harmless Error—Error Favorable to Appellant.** In a prosecution for embezzlement, the failure to instruct that if the jury found that other similar offenses had been committed, and that they constituted parts of a plan or system of the defendant of embezzlement to the very act of taking at issue, then the jury might consider the testimony as to those offenses to assist them in determining whether the defendant did take the money which he was charged with having taken, and also to show the intent with which the act was committed, was favorable to defendant, so that he could not complain of it.

(Syllabus by the Court.)

*Appeal from District Court, Carter County; Stilwell H. Russell, Judge.*

C. E. Carter was convicted of embezzlement, and appeals. Affirmed.

*R. F. Turner,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. Appellant, C. E. Carter, was prosecuted, in the district court of Carter county, by indictment returned into said court at the November term, 1908, charging him with the embezzlement of $70 from Tyler & Simpson Company, a corporation, of which corporation C. E. Carter was then and there the bookkeeper and cashier. Trial was had in the spring of 1909; the defendant was found guilty, and his punishment fixed at one year and one day in the penitentiary. From this judgment, he has appealed, and the appeal has been properly perfected.

The evidence discloses that the Tyler & Simpson Company was engaged in the wholesale grocery business in the city of Gainesville, Tex., and also had a branch store and distributing house in the city of Ardmore, Okla., and had been engaged for many years in such business in both of these cities. The appellant, Carter, was employed by them as cashier and bookkeeper at the Ardmore branch, and had been keeping the books and acting as cashier at said branch office since the year 1904; that nobody else had kept the books or handled the cash of said corporation at said Ardmore office from the year 1904 until Carter left the employment of the company in June, 1908, except Carter

himself; that he had complete control of the same and also knew the combination to the safe; that at the close of the day's business it was his duty to, and he did, balance up the books and deposit the cash in the bank; that nobody had control of this business during all of said period but Carter.

The particular embezzlement set out in this indictment is alleged to have occurred on the 16th day of May, 1908. It is one of a series of embezzlements occurring from 1906 up until the time that Carter left the employment of Tyler & Simpson Company. The indictment upon which this prosecution is based is one of nine or ten indictments, charging similar offenses, against this defendant, returned into the Carter county district court at the November term, 1908.

These indictments charge, in some instances, embezzlement, and in other instances the making of false entries upon the books of said corporation. The evidence also discloses that after the grand jury had investigated these charges and returned these indictments, and before a trial was had, the journal record of accounts of the said Tyler & Simpson Company was stolen from the office of the company at Ardmore. The record shows that this journal of accounts was kept in the safe of the company, securely locked, and that the combination of the safe had not been changed from the time the defendant, Carter, left the company until the books were stolen; that the safe was opened by unlocking it, and the books taken, and that the building was also opened by a key. The larceny of the books prevented the state from producing the evidence on any indictment charging a false entry, and if it had not been for the fact that the system of accounting employed by the Tyler & Simpson Company was a very thorough one, and provided a double system, the state would have been without any evidence to convict this defendant of the crime of embezzlement after the larceny of the books. The state introduced original entries of receipts for the day's business of May 16, 1908, showing where every item of money was received on that day by the defendant, and showing by his own entries in the daily ledger

of accounts where he had given the firm credit for every item as reported. ·

It was the duty of the defendant, Carter, as bookkeeper and cashier, and he did, on the 16th day of May, 1908, make a report to the home office at Gainesville, showing the business for that day. The record shows that on that day the total receipts were $1,778.16, and that the defendant reported them to the home office at Gainesville $1,708.16, making a discrepancy in the report of $70. The record also shows that the defendant received in cash on that day approximately $600, and that when he made his daily deposit in the bank at the close of business that evening he only deposited $500 in cash in the bank. There is no testimony in the record as to what became of the cash which the defendant received that day, and which he failed to deposit in the bank.  ·

The court instructed the jury as follows:

"The defendant, C. E. Carter, stands indicted by a grand jury of Carter county, state of Oklahoma, which said indictment was duly presented in the district court of Carter county, and which charges the defendant with the offense of embezzlement, in this: That he did, on the 16th day of May, 1908, in said county of Carter and state of Oklahoma, being at the time a person over the age of 18 years, and not being an apprentice to Tyler & Simpson Company, a corporation, and being then and there the bookkeeper and cashier of said Tyler & Simpson Company, and in control and care, by virtue of his employment as such bookkeeper and cashier, of $70 in money, of the value of $70, the personal property of the said Tyler & Simpson Company, then and there unlawfully, wilfully, feloniously, and fraudulently appropriated the said $70 to his, the said C. E. Carter's, own use, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state. You will take with you in your retirement the indictment in this case, to which you are referred for a more specific description of the offense alleged in the indictment.

"(2) To the indictment and the offense charged therein, the defendant has entered his plea of not guilty, and you are instructed that by his plea of not guilty this defendant, as every defendant in a criminal case, is presumed by law to be innocent of the offense charged against him, and of every ingredient thereof, and that this presumption abides with him throughout the

whole case, until it is overcome by competent evidence to your satisfaction, beyond a reasonable doubt. And if you have a reasonable doubt, after a consideration of all the evidence and the instructions of the court, as to the defendant's guilt, it is your duty to resolve such doubt in his favor and acquit him. But if, after due consideration of all the evidence, facts, and circumstances admitted before you by the court, together with the instructions of the court, you are convinced of his guilt beyond a reasonable doubt, it is your duty to convict him.

"(3) You are the sole judges of the facts proved and of the weight and value of the evidence and the credibility of the witnesses. In determining the credibility of a witness and the weight and value you will give to his testimony, you are permitted to take into consideration the demeanor of the witness upon the stand; the probability or improbability of the witness' statement; the opportunity the witness had of knowing or being informed of the facts about which he gives testimony; the witness' relation to or feeling for or against the defendant; his interest, if any, in the case, and the result of the trial; and then, after such consideration you will give to each witness such credence and to his testimony such weight and value as in your judgment you may deem right and proper.

"(4) Under the law, the offense for which the defendant stands indicted is as follows: 'Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted.' And it is further provided by the law as follows: 'If any clerk or servant of any private person or copartnership, or corporation, except apprentices and persons within the age of eighteen years, fraudulently appropriates to his own use, or secretes with the fraudulent intent to appropriate to his own use, any property of another person which has come into his control or care by virtue of his employment as such clerk or servant, he is guilty of embezzlement.'

"(5) You are instructed that testimony has been submitted to you by the court as competent for your consideration tending to show that various other embezzlements of sums of money, other than as charged in the indictment, and that false entries thereof were made and committed by the defendant, and in this matter you are instructed that, if you believe from the evidence beyond a reasonable doubt that the defendant did embezzle such sums and make such false entries and fraudulently appropriate such sums of money to his own use as therein mentioned, then, in such case, said evidence is only to be considered by you as

bearing upon the fact whether or not the defendant embezzled and fraudulently appropriated the specific amount alleged in the indictment, and at the time alleged in the indictment, and as tending to show the intent, if any, of the defendant in the commission of the offense alleged against him, and for this or such purpose alone you will consider such evidence of other offenses. And in this connection you are told that, although you may believe that such other offenses were committed by the defendant, but you should have a reasonable doubt that he committed the specific offenses alleged against him in the indictment, then it would be your duty to acquit him. Otherwise you should convict him.

"(6) You are instructed that the state relies for a conviction in this case upon what is known as circumstantial evidence, and in this matter you are instructed that, to warrant a conviction upon circumstantial evidence, each fact necessary to the conclusion sought to be established—that is, the guilt of the defendant—must be proved by competent evidence, beyond a reasonable doubt, and that all the facts and circumstances proven should not only be consistent with the guilt of the accused, but consistent with each other and inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and sufficient to produce in your minds the reasonable moral certainty that the accused committed the offense charged against him. And you are instructed that when the circumstances are sufficient under this rule herein given you, they are competent and are to be regarded by the jury as competent for your guidance as direct evidence.

"(7) Therefore you are instructed by the court that, if you believe from the evidence submitted by the court for your consideration, beyond a reasonable doubt, that the defendant, C. E. Carter, on or about the 16th day of May, 1908, in the county of Carter and state of Oklahoma, then and there being a person over the age of 18 years, and not then and there an apprentice of the said Tyler & Simpson Company, and you believe that he was then and there a bookkeeper and cashier of the said Tyler & Simpson, a corporation, and was then and there, by virtue of his employment as such bookkeeper and cashier, in the control and care of $70 in money, of the value of $70, or of a sum of money less than $70, but exceeding $20 in money, the same being the personal property of the said Tyler & Simpson Company, and that the said C. E. Carter did then and there, in said county of Carter and state of Oklahoma, on or about the 16th day of

May, 1908, unlawfully, wilfully, feloniously, and fraudulently appropriate the said $70 in money, or any portion of said sum of $70 exceeding $20 thereof, to his own use, then it is your duty to convict him as charged in the indictment, and so say by your verdict.

"(8)   If you find the defendant guilty, as charged in the indictment, of embezzling the sum of $70 in money, or of embezzling any sum of money exceeding $20 and not exceeding $70 in money, you may assess his punishment by imprisonment in the state penitentiary for a term not to exceed five years.

"(9)   If you find the defendant not guilty, or entertain a reasonable doubt of his guilt, you will say by your verdict, We, the jury, find the defendant not guilty.   *   *   *

"Gentlemen of the jury, you will now listen to the argument of counsel for the state and the defendant, and you are instructed that their arguments constitute a legitimate part of the trial of this cause, and you should carefully consider any suggestion which may be made by them within the record of this case, which might assist you in analyzing the testimony of the witnesses and applying the law, in order that you may be assisted in arriving at a just and true verdict, but care should be taken by you that the arguments of counsel be not confounded with the testimony of the witnesses, or confusing as to the law of the case as contained in these instructions.

"Forms of verdict will be furnished you, and after you have elected one of your number foreman, you will have him, for you, sign, as foreman, that form of verdict upon which you all may agree, and you will then as a body return it into court. You must not cast lots, or use any other method or means of chance in arriving at your verdict, but whatever verdict is rendered must be based upon the individual judgment of the juror and concurred in by the whole jury.

"In reaching your verdict, no considerations of sympathy or passion or prejudice should enter into your deliberations, in the discharge of your duty as jurors, but you should carefully, impartially, and faithfully return such verdict as is warranted by the evidence, as measured by these instructions, upon your oaths as jurors.   S. H. Russell, Judge."

The defendant requested the court to instruct the jury as follows:

"Gentlemen of the jury, you are instructed that in this case the defendant has seen fit to offer no testimony, either that of

himself or other witnesses, in his own behalf. You are not to consider this as a circumstance against him, when considering as to his guilt or innocence, but the same presumption of innocence heretofore mentioned in these instructions stands as his sufficient protection until you are satisfied of his guilt, by legal and competent evidence, beyond a reasonable doubt."

This instruction the court refused to give, but did instruct the jury as follows:

"You are instructed, gentlemen, that, although the defendant has not seen fit to offer himself as a witness in his own behalf, that such failure to do so upon his part shall not create any presumption against him, or be considered by you in arriving at your verdict in this case."

The court did not err in refusing to give the requested instruction. When a defendant fails to avail himself of accessible testimony, save that which is privileged, it raises a presumption against him which may be considered by the jury, and it would have been error for the court to have given the instruction requested. *George v. U. S.,* 1 Okla. Cr. 320.

"The nonproduction of evidence that would naturally have been produced by an honest, and therefore fearless, claimant permits the inference that its tenor is unfavorable to the party's cause. Ever since the case of the chimney sweeper's jewel, this has been a recognized principle." (Wigmore on Evi., vol. 1, p. 368.)

. It would be a novel idea that, when the state has made out a *prima facie* case, and the defendant declines to offer accessible rebutting testimony, the jury should not consider this failure as a circumstance against him, unless the evidence not produced be privileged. We think that where a defendant fails to take the witness stand in his own behalf this fact should not be mentioned in any manner upon the trial of the case. See *Sturgis v. State,* 2 Okla. Cr. 401, 102 Pac. 57. But, as counsel for appellant requested the court to instruct upon this subject, he cannot complain at the instruction given by the court.

In his brief counsel for appellant complains that the court did not define the legal meaning of the word "money." Under the undisputed facts of the case, this was not necessary. The

funds embezzled were entered as cash, in the defendant's hand-writing. Having accepted this money as legal tender, and there being no testimony to the contrary, the defendant was not in a position to request the instruction refused.

Counsel for appellant in his brief discusses at great length a number of alleged errors occurring during the trial. Some of the matters complained of do not appear in the record, others were brought about by the action of counsel for appellant, and some do not constitute more than mere irregularities, which do not involve the substantial merits of the case. The evidence is conclusive as to the guilt of the appellant. The instructions of the court constitute an admirable exposition of the principles of law applicable to the case. They relieve us of the necessity of discussing some of the questions presented. We regard them as models of their kind, except as hereinafter pointed out, and with this addition we adopt them as part of our opinion in this case.

The only possible objection that can be offered to these instructions is that paragraph 5, with reference to other similar offenses, might have been broader, and the jury might have been instructed that if they found from the testimony, beyond a reasonable doubt, that the other similar offenses testified to had been committed, and that they constituted parts of a plan or system of the defendant of embezzlement, to the very act of taking at issue, then the jury might consider the testimony as to these similar offenses, for the purpose of assisting them in determining as to whether the defendant did take the money which he was charged in the indictment with having taken, and also to show the intent with which the act was committed. See Wigmore on Evidence, vol. 1, § 329, p. 417; Ency. of Evidence, vol. 11, pp. 805, 806. But the failure to include this view of the law in paragraph 5 of the instructions was beneficial to the appellant, and he therefore cannot be heard to complain at this omission. With the view above suggested incorporated in paragraph 5, the instructions given would be above criticism.

From a careful inspection of this record, we are satisfied that the appellant is guilty, and we do not believe that an intelli-

gent and honest jury could be impaneled, who, upon the same evidence, could arrive at any other verdict, except that they would probably increase the punishment of appellant. We therefore cannot see any good purpose that could be subserved by putting the state to the expense of another trial. We do not believe that dusty legal cobwebs should be permitted to obscure the truth, or interfere with the enforcement of justice.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.