# H. A. ASHBURN v. STATE.

No. A-3267. Opinion Filed Sept. 20, 1919.

(183 Pac. 521.)

1. **APPEAL AND ERROR—Admission of Evidence—Objection and Exception.** Admission of alleged incompetent evidence cannot be reviewed, where no objection was made or exception reserved.

2. **LARCENY—Grand Larceny—Sufficiency of Evidence.** In a prosecution for grand larceny, the evidence considered, and conviction affirmed.

*Appeal from District Court, Carter County;*
*W. F. Freeman, Judge.*

H. A. Ashburn was convicted of grand larceny, and he appeals. Affirmed.

*Pardue & Hamilton,* for plaintiff in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, H. A. Ashburn, was charged jointly with B. M. Whittamore, E. S. Starkey, and J. E. Hocker, with the larceny of 600 feet of 2⅜ New Bedford cable, of the value of $300, 1,000 feet of 2¼ New Bedford cable, of the value of $400, and 250 feet of two-inch Trojan cable, of the value of $150, all of the aggregate value of $850, the property of S. M. Gordon. A severance was granted, and upon his separate trial plaintiff in error was convicted, and his punishment assessed at three years' imprisonment in the penitentiary. He has appealed from the judgment rendered upon such conviction.

The errors assigned are: (1) The court erred in overruling plaintiff in error's motion for a continuance; (2) the court erred in admitting certain testimony on the

14—16

part of the state over the objections of the plaintiff in error; (3) the court erred in overruling the motion to instruct the jury to return a verdict of acquittal.

The evidence for the state shows that S. M. Gordon, an oil and gas well contractor, was drilling a well in the Healdton field in Carter county; that the cable described was coiled on the ground near the well the evening before he missed the same; the next morning he found the tracks of two wagons near the well, one drawn by a span of mules and the other by a team of ponies; one was a narrow-wheel wagon, and the other one was wide; he followed the tracks towards Ardmore; there he found the defendants, who had been arrested. He then went out near Lone Grove, and found the cable on two wagons. The officers testified they met the defendants near Wolf Creek. Ashburn was driving one of the wagons and said he had bought the cable from a fellow that he had met on the other side of Dundee the day before. Another witness testified that he was driller for S. M. Gordon, and was familiar with the cable used on the well; that he helped splice the cable, and identified the cable found in the defendant's wagon as S. M. Gordon's property.

Codefendant J. E. Hocker, as a witness for the state, testified that he, with the other defendants, left Ardmore and went to the defendant Ashburn's place; that they left there and went towards Ragtown; that he was with Ashburn, who was driving one team, and the defendant Starkey was driving the mules, and B. M. Whittamore was with him; that about midnight they stopped the wagons near an oil derrick and Ashburn said, "We can get this rope here"; that Ashburn had a double edge ax and chopped the rope with it, and they loaded it on the wagons and started for Ardmore, and that morning he

threw the ax out near the Hewitt graveyard; that day-light came when they were near Wilson; about that time the narrow tread wagon broke down, and they borrowed another wagon; that between Bayou and Wolf Creek the sheriff and his deputies arrested them.

Ethel Earl, as a witness for the defendant, testified she was peddling milk in Ragtown, and on her way home met Hardy Ashburn and Barney Whittamore about a mile and a half north of Ragtown, and was talking to them when a man came along, and Hardy and Barney bought this rope from him and paid him $17.50 for it; that this was the day before they were arrested. H. A. Ashburn, as a witness in his own behalf, testified that he bought the rope a mile and a half north of Ragtown from a fellow, and paid him $17.50 for it; that he did not know who the fellow was.

The motion for continuance was filed on the day that the case was called for trial, September 10, 1917. It was stated in the motion that Otto McCarty, if present, would testify that he was present when Hardy Ashburn purchased the rope in question; that on the 4th day of September, 1917, he caused a subpœna to be issued for Otto McCarty, and that such subpœna had not been served; that said defendant could not safely go to trial without said testimony. The record shows that the testimony of McCarty would have been cumulative, and we cannot say that the court abused its discretion in overruling the motion for continuance.

As to the second assignment of error, counsel have not pointed out, and we have failed to find, any exceptions reserved to rulings of the court on the admission of evidence.

The third assignment of error is not well taken. The evidence is ample to support the verdict and judgment of conviction.

The judgment is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.