## FRANK BROOKS v. STATE.

No. A-5032. Opinion Filed Oct. 17, 1925.

(240 Pac. 136.)

Frederick L. Brimi, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. Frank Brooks, plaintiff in error, de-

fendant in the trial court, was convicted of transporting one gallon of whisky, with his punishment assessed at a fine of $200 and confinement in the county jail for a period of 90 days.

Three police officers were sitting in a car on the outskirts of Ponca City, when the defendant, with a girl companion, drove by on the highway leading from the Osage country. The officers suspected that the defendant was conveying whisky, and gave chase over a devious route until both cars ran off the pavement. The defendant had difficulty in getting through a mud hole, and while stopped there broke and spilled the contents of a gallon jar which the officers said contained whisky. The officers identified it as whisky by its odor, and one of them tasted some of the liquid which remained in one of the fragments of glass, and stated that it was whisky.

There are three assignments of error urged in the brief: First, that the court erred in refusing a continuance; second, that the conviction rests upon evidence obtained by an illegal search and seizure; third, that the court erred in refusing to give the instructions proffered by the defendant.

The motion for a continuance recites that the defendant had employed an attorney to defend him who resided in Ponca City, but that this attorney was not present when the case was called for trial; whereupon the defendant employed attorneys who resided at Newkirk, the county seat, where the trial was to be held, but that these attorneys had no time properly to prepare for trial.

The record shows that this defendant was arrested on the 18th day of July, 1923, and that the trial was not had until October 24, 1923. It would appear therefore that the defendant had not exercised due diligence in preparing for trial. A motion for a continuance is addressed to the sound discretion of the trial court, and the court did not abuse

his discretion in this case in refusing a continuance upon the showing made. Johnson v. State, 1 Okla. Cr. 321, 97 P. 1059, 18 Ann. Cas. 300; Richards v. State, 15 Okla. Cr. 582, 179 P. 777.

The defendant did not take the witness stand or call any witnesses in his behalf. One of the officers, who made the arrest, testified for the state as follows:

"Q. You had been chasing him, you say? A. Yes, sir; I started in pursuit of him at the southeast corner of Ponca City, on Fourteenth street.

"Q. That was because of the fact that he was driving fast? A. Well, not in particular; he wasn't driving very fast when I took in pursuit of him; I knew his reputation and what his business was; that was the reason for it.

"Q. It was on account of his business that you were chasing him? A. Yes, sir.

"Q. That is the only reason you had for chasing him? A. Yes, sir.

"Q. Did you have a search warrant? A. No, sir."

The other officers' testimony on this point was in substance the same as that quoted.

No objection was interposed by the defendant or his counsel to the reception of the testimony of the officers, on the ground that it was evidence obtained by an illegal search and seizure. Furthermore, the defendant's counsel cross-examined the officers at length upon this evidence.

It has been held that to make such objection available, it must be interposed at the first opportunity presented. In this case, it should have been made, either at the beginning of the trial, by a motion to suppress or reject such evidence, or in the course of the examination, so soon as it became apparent that the state would rely upon it. Otherwise, defendant waives his right to be heard on this question.

A defendant will not be permitted to speculate on the outcome of evidence said to have been procured by an illegal search and seizure, without objection thereto, and then when it later appears that such evidence operates to his prejudice seek to take advantage of his right to make such objection for the first time.

The defendant asked the court to instruct the jury that an officer who is not armed with a search warrant, or a warrant of arrest, issued by a proper magistrate, has no right or authority to search the person or belongings of one suspected of a misdemeanor; and that any evidence secured by a search without such warrant is not proper for the consideration of the jury; and that the mere belief of the officers, however good and well-intentioned, is not a substitute in law for a search warrant, or warrant of arrest.

It is not necessary to a determination of this appeal for this court to decide whether or not this was an illegal search. But if it was indeed an illegal search and seizure, these instructions were properly refused by the court, for the reason that the defendant, as before stated, had waived his right to have such evidence excluded.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.