## BEN HUNT v. STATE.

No. A-6017. Opinion Filed Nov. 4, 1927.
(260 Pac. 512.)

Cochran & Wilkinson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of McCurtain county on a charge of assault with a dangerous weapon with intent to injure, and he was sentenced to serve a term of 18 months in the state penitentiary.

The evidence is sharply conflicting, but its weight and the credibility of the witnesses was for the jury, who evidently believed the witnesses for the state and disbelieved those for defendant.

The first assignment argued is that the court erred in overruling defendant's application for a continuance. This application is based in part on the absence from the state of Baker Bates, desired as a witness. It alleges that he has been out of the state for some 6 weeks, and is in the state of New Mexico, and would be absent for 6 weeks or 2 months; that defendant had a subpoena issued for him, but it had not been served. It further alleges what his testimony would be. The application further alleges that defendant's leading attorney is absent, and that defendant is unable to locate him and has been compelled to employ other attorneys not familiar with the facts in the case.

It is a familiar rule, settled by many decisions of this court, that an application for a continuance is addressed to the sound discretion of the trial court, and unless there is an abuse of such discretion the denial of a continuance furnishes no ground for reversal. The application for a continuance on account of the absence of a witness should show diligence has been used to procure the witness or his testimony, and should disclose the whereabouts of the witness and the likelihood of procuring his attendance if the case should be continued. Gentry v. State, 11 Okla. Cr. 355, 146 P. 719; Williams v. State, 17 Okla. Cr. 375, 188 P. 890; Hill v. State, 19 Okla. Cr. 406, 200 P. 253. Diligence requires that where a witness is out of the state and it is not apparent that his absence is merely temporary, his deposition should be taken. Also, the application should show that the witness is not absent by the consent or procurement of defendant. Key v. State, 10 Okla. Cr. 206, 135 P. 950. It should allege that defendant believes the facts that he avers the absent witness would testify to are true. Braught v. State, 17 Okla. Cr. 1, 179 P. 769. It should allege that the testimony of the absent witness would not be cumulative. Cope v. State, 15 Okla. Cr. 437, 177

P. 920; Ashburn v. State, 16 Okla. Cr. 417, 183 P. 521; Williams v. State, supra.

The law favors speedy trials, and the possibility of delay by continuance is so evident that a party seeking a continuance should bring himself within the requirements announced and clearly point out where he has been prejudiced by failure to grant a continuance on his request. Where this court after an examination of the entire record is of the opinion that the testimony of the absent witness would not change the result, error of the trial court in overruling the application would not be such an abuse of discretion as would require a reversal. Rose v. State, 8 Okla. Cr. 294, 127 P. 873.

The application in this case does not state affiant believes the suggested evidence of the absent witness is true. It does not show his whereabouts other than "in the state of New Mexico." It does not disclose any basis of fact for the statement that he will be able to have his attendance at the next term. It does not negative that he is absent by the consent or procurement of defendant, nor that his evidence is cumulative. The application is insufficient.

The application presents the further ground that J. N. Fortner, counsel for defendant, who was familiar with the facts in his case, was absent, and he had not been able to get in communication with him. He was represented by Cochran & Wilkinson, who have fully protected his interests. It has several times been said by this court that an application for a continuance on the ground of absence of leading counsel is properly denied where a defendant is duly represented by his other counsel. Payne v. State, 10 Okla. Cr. 314, 136 P. 201. Brooks v. State, 32 Okla. Cr. 72, 240 P. 136.

Upon the record, it appears that there was no error

in denying the application for a continuance. There is abundant evidence to sustain the verdict and judgment.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.