## GEORGE BAYOUTH v. STATE.

No. A-5927.   Opinion Filed Jan. 14, 1928.
(262 Pac. 702.)

E. C. Patton, Jos. A. Ramsdale, and Joe Adwon, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county on a charge of driving a car while intoxicated, and was sentenced to serve a term of 6 months in the State Penitentiary and to pay a fine of $500.

The first assignment of error argued is that the court erred in overruling defendant's application for a continuance.   The application for a continuance alleges that Martin Carriker, who resides in Oklahoma City, is a material witness for defendant; that defendant has had a subpoena issued ordering his attendance; and that his attendance can be had in a reasonable time.   It is alleged that the witness

Carriker was with defendant prior to his arrest and would testify that the defendant was not intoxicated, nor under the influence of liquor, nor drinking. The affidavit is wholly lacking in a showing of negligence to procure the witness. A copy of the subpoena is not attached, nor does it appear when it was issued, nor that it bore an order of the judge thereon requiring the attendance of the witness. An application for continuance on account of the absence of a witness must show diligence has been used to procure the witness or his testimony. When this is not made to appear, it is not error to overrule such application. Gentry v. State, 11 Okla. Cr. 355, 146 P. 719; Williams v. State, 17 Okla. Cr. 375, 188 P. 890; Hill v. State, 19 Okla. Cr. 406, 200 P. 253; Hunt v. State, 38 Okla. Cr. 294, 260 P. 512.

The only other assignment of error argued in the brief is that the evidence is insufficient to sustain the judgment. One of the arresting officers, O. B. Buchner, testified:

"* * * Q. What was his condition? * * * A. Well, I called him drunk.

"Q. Did he stagger? A. Yes, sir. * * *"

On cross-examination, he further testified:

"Q. What is intoxication, please? * * * A. That is when a man has too much booze in him and staggers when he walks and falls when he gets out of a car.

"Q. Do you mean to say that this man fell when he got out of the car? A. Yes, sir.

"Q. Was that after you hit him? A. No, sir.

"Q. Before you hit him? A. Yes. * * *"

The witness R. L. Wiley testified:

"Q. [Referring to defendant.] Did you observe his condition at that time as to whether he was intoxicated or sober? A. Yes, sir.

"Q. What was his condition, Mr. Wiley? A. He was drunk."

On cross-examination he said:

"Q. You say that defendant was drunk? A. Yes.

"Q. And what did he do? A. Well he was staggering around there, cursing and blackguarding, and kept it up.

"Q. But you are positive he was drunk? A. Yes, sir; I am positive of that."

It is true that defendant denied that he was intoxicated and testified that he was assaulted by the officers without provocation. This presents a question of fact for the jury. They heard the evidence and saw the witnesses, and it was their province to determine whom they would believe. The judgment cannot be disturbed for insufficiency of the evidence.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.