JIM CHILDS v. STATE.

No. A-6374. Opinion Filed Jan. 26, 1929. (273 Pac. 1016.)

Chas. E. Wells, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pottawatomie on a charge of burglary in the second degree, and his punishment fixed at imprisonment in the state penitentiary for a term of two years.

The information is drawn under the second subdivision of section 2063, Comp. St. 1921.  A demurrer was interposed on the theory that the information is drawn under the first subdivision of said section, and that the information is insufficient for failure to allege that the smokehouse charged to have been broken and entered did not form a part of the dwelling house.  The case was tried on the theory that the charge in the information is under the second subdivision of section 2063, and that the allegation that the smokehouse was within the "curtilage of a dwelling house" is mere surplusage.  So considered, the information is sufficient, and there was no error in overruling the demurrer.

It is next argued that the court erred in overruling defendant's application for a continuance.  The application

was based on the absence on business of one of defendant's attorneys. Defendant was represented by his other counsel. The showing made was insufficient. Anderson v. State, 21 Okla. Cr. 193, 207 P. 977; Brooks v. State, 32 Okla. Cr. 72, 240 P. 136; Coffey v. State, 38 Okla. Cr. 91, 258 P. 923.

Complaint is also made that the court erred in his instruction on circumstantial evidence, being No. 8 of the court's charge. This instruction, verbatim, was approved by this court in Carter v. State, 6 Okla. Cr. 232, 118 P. 264, and has been before this court many times since. It is not erroneous.

It is not contended that the evidence is insufficient to sustain the verdict and judgment. We see no substantial merit in the assignments of error argued.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.