Lillie Ann PENNINGTON and Willie Howard, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12286.

Criminal Court of Appeals of Oklahoma.

Sept. 26, 1956.

Hall & Graham, Tulsa, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiffs in error, Lillie Ann Pennington and Willie Howard, defendants below, were charged by information in the District Court of Tulsa County, Oklahoma, with the crime of unlawful possession of two partially smoked cigarettes and one whole cigarette of marihuana, in violation of 63 O.S.1951 § 451. A jury was waived and the case tried to the court; defendants were found guilty and punishment fixed as to both at a year in the state penitentiary; judgment and sentence were entered accordingly from which this appeal has been perfected.

The defendants moved to suppress the evidence for the reason that the search warrant, under which the marihuana was seized, was for stolen property, that entry to the house was obtained by use of force, and the search warrant was not served on the defendants or anyone else, the defendants or no one else being present at the time of the search and seizure. The search warrant was left on the television set after a forcible entry. This was the principal point urged by the defendants in their memorandum brief in the trial court.

The defendants urge that the Oklahoma Constitution, Article 2, Section 30, provides against unreasonable searches and seizures and that the foregoing procedure was contrary to law, since not only the constitutional provision but the statutory limitations relevant to search and seizure are to be strictly construed.

The particular statutory provisions involved are 22 O.S.1951 § 1227, § 1228, and 37 O.S.1951 § 84, quoted below.

22 O.S.1951 § 1227 reads:

"A search warrant may in all cases, be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

22 O.S.1951 § 1228 reads:

"The officer may break open an outer or inner door or window of a house, or any part of the house, or anything therein, to execute the warrant, if, after notice of his authority and purpose he be refused admittance."

37 O.S.1951 § 84, the pertinent part thereof as to service, reads:

"* * * A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

The facts, as we can best ascertain from an alleged stipulation of the parties, are briefly as follows. November 4, 1954, a search warrant was obtained for the search of the defendants' premises authorizing the seizure of stolen property, jewelry, etc., allegedly in the possession of Willie Howard. The officers, armed with the search warrant, upon arrival found the doors and windows of the house were closed and no one present upon whom service of the search warrant could be made. The officers made forcible entry through a window and by unlocking a door from the inside. In the course of the search, they found upon a shelf in plain view the marihuana in question, which formed the basis for this prosecution. A copy of the search warrant was left on the top of the television set and which was later found by the defendant, Howard. Upon the basis of these facts, a motion to suppress was filed and heard.

Counsel for the defendants contend that this is a case of first impression in Oklahoma and diligent search has failed to disclose a case in point. The essence of the defendants' contention is that 22 O.S.1951 § 1227 makes no provision as to what constitutes service of the search warrant and under the rule of strict construction, personal service thereof is required.

We are of the opinion that to so hold would constitute a narrow and strained construction since all the constitution requires is that the search and seizure be reasonable. If such were not the case, reasonable efforts of the officers to enforce the law against the possession of contraband would oftentimes convert what in fact is a reasonable search and seizure into an unreasonable one by judicial construction. In the absence of express provisions in 22 O.S.1951 § 1227, as to the method of service of a search warrant, we are therefore limited only by the constitutional inhibition against unreasonable searches and seizures. What is reasonable is what is ordinarily fair and if the manner of service is such as does not subject the defendant to unreasonable treatment, the same

will meet the requirements of both the law and justice.

Nevertheless, 22 O.S.1951 § 1227 is certainly ambiguous as to the manner of obtaining service of the search warrant and the courts, because of ambiguity therein, of necessity must resort to judicial construction. In doing so, we may look to extrinsic aids such as the provisions of the constitution heretofore alluded to, and other Oklahoma statutory provisions related to search and seizure enacted about the same time though in the nature of special legislation covering search and seizure in the field of intoxicating liquor and enforcement of the prohibition law. We may also resort to rules of construction for determining the meaning of the statutes in question. In this connection it has been held where a statute is ambiguous and its meaning doubtful, it should be given a construction that is reasonable, sensible, and in keeping with the public policy of the state. Riley v. Cordell, 200 Okl. 390, 194 P. 2d 857; 50 Am.Jur. 385, 393; 59 C.J. 1013; 82 C.J.S., Statutes, § 353, p. 739. Moreover, it has been held that general and special statutes should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy. 82 C.J.S., Statutes, § 369, p. 839.

Under both 22 O.S.1951 § 1227 and 37 O.S.1951 § 84, it is obvious that both sections contemplated that where personal service is possible the same should be made and substituted service should not be resorted to. But, herein personal service was not possible, so the house was entered under the provisions of 22 O.S.1951 § 1228, by use of force. But, since 22 O.S.1951 § 1227 makes no provision for substituted service, we must then look to 37 O.S.1951 § 84 to ascertain the public policy of the state relative to substituted service. We find 37 O.S.1951 § 84 provides for the service of a search warrant, in a liquor case, in the absence of the occupant of the premises by posting of the search warrant on the door thereof. This not being an unreason-

able requirement under the constitutional provision, Article 2, Section 30, it stands as an exposition of legislative policy in relation thereto. It has been repeatedly held that where there is one statute dealing with a subject in general, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible. 82 C.J.S., Statutes, § 369, supra.

That these sections of the statutes have been construed together is evidenced by Thigpen v. State, 51 Okl.Cr. 28, 299 P. 230. 37 O.S.1951 § 84 does not provide for forcible entry when no one is present on the premises. Therein, this court resorted to 22 O.S.1951 § 1228 for authority for holding that a lawful entry was made for the purpose of executing the search warrant. Therein it was said:

"However, the law does not require the doing of useless things in order to comply literally with the terms of a statute. It is obvious that an officer armed with a search warrant is not required to demand entrance into a house when no one is there on whom demand could be made.

\* \* \* \* \* \*

"Where an officer is armed with a valid search warrant authorizing the search of a house, and no one is present therein of whom he may demand entrance, he is well within his rights in unlocking the door to enter the building."

Entry was gained into the Thigpen house under authority of the general statute, 22 O.S.1951 § 1228, by means of a pass key and service of the warrant was made by leaving it on a table in the house. Hence, it becomes apparent that this court has sought to harmonize the general statutory provisions and the special statutory provisions relative to search and seizure. If resort may be had to 22 O.S.1951 § 1228 to sustain the procedure in the Thigpen case, by the same token resort in the instant case may be had to provisions of 37 O.S.

1951 § 84 to support the procedure herein. It thus appears that this court has sought to follow a construction that is reasonable, sensible, and in keeping with public policy as expressed by the legislature. In Thompson v. State, 89 Okl.Cr. 383, 386, 208 P.2d 584, 586, we said:

"While ordinarily the law contemplates if some person is present and in possession of the place to be searched the warrant will be served, before the search is commenced, but it is not always essential to a valid search, for it is not always possible so to do in the enforcement of the law. It is therefore apparent that personal service of the warrant before search is commenced is not essential to a valid search and seizure."

See also Sykes v. State, 95 Okl.Cr. 14, 238 P.2d 384; Goodman v. State, 178 Md. 1, 11 A.2d 635.

 We therefore are of the opinion that lawful entry, in the case at bar, was made under the provisions of 22 O.S.1951 § 1228, and that under the public policy of the state as expressed in 37 O.S.1951 § 84, the substituted service of leaving the same upon the television set met the requirement of the law relative to search and seizure in the state of Oklahoma. To the same effect is Outlaw v. State, 208 Miss. 13, 43 So.2d 661, wherein the search warrant was left on the bed.

 After the conviction was had, herein, and the appeal perfected reasserting the contention relative to the invalidity of the service of the search warrant, the defendants filed a supplemental transcript reflecting the hearing on motion for new trial on grounds of newly discovered evidence. Therein, for the first time and long after the appeal had been perfected, the defendants urged the invalidity of the service of the search warrant by policemen not named in the warrant.

The privilege of immunity from unlawful search and seizure is personal and unless urged at the first opportunity, is waived. At the hearing of said motion, the trial court held the same came too late, it being urged neither on the motion to suppress or at the trial of the case. There is abundant authority supporting the trial court's ruling. Sanders v. State, Okl.Cr., 287 P.2d 458; Brooks v. State, 32 Okl.Cr. 72, 240 P. 136; Ashby v. State, 33 Okl.Cr. 297, 243 P. 1003; Wagner v. State, 72 Okl.Cr. 393, 117 P.2d 162; Murphy v. State, 95 Okl.Cr. 333, 335, 245 P.2d 741. Therefore the trial court did not err in so holding.

 Finally, the defendants urged here, as they did at every proper stage of the trial proceeding as well as the motion for new trial, petition in error, and the rehearing herein, the insufficiency of the evidence to sustain the conviction. There is much merit in this point. The case was tried on stipulations by the state and the defendants. In the stipulation of the state, it was stated that if the chemist was present, he would testify against the defendants as to certain facts. Thereafter, other related facts were placed in the record without objection, which may or may not have been agreed to by the defendants. The defendants' stipulation is prefaced, "It is agreed we may stipulate the following:". Thereafter, follows a delineation of details setting forth the defendants' defense.

From the record, we are confused as to whether these stipulations were intended as agreed facts or whether they were intended only as statements as to what the witnesses would testify to if they were present. If the defendants' related details in their behalf are agreed facts, the defendants' release would necessarily follow. But, we cannot with certainty ascertain from this record what was actually intended with regard to the stipulations. Such a situation leaves this court in a condition of speculation and doubt as to what facts are or are not agreed upon. We are, therefore, of the opinion that neither the trial court nor this court has a sound basis of fact upon which to pass judgment as to the sufficiency of the evidence.

Other contentions were raised which we deem not necessary to discuss.

Furthermore, it appears that the defendants have no prior record and there is some doubt in the court's mind as to whether the contraband actually belonged to the defendants.

Under such conditions, we are of the opinion that the ends of proper administration of justice will be better served by a new trial. For these reasons, the case is accordingly reversed and remanded for a new trial.

JONES, P. J., and POWELL, J., concur.